UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV08-01300 AG(RCx) | Date | June 8, 2022 |
|---|---|---|---|
| Title | Darren D. Chaker v. Colleene Preciado | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| D. Ramos | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):**   Order Granting In Part and Denying In Part Petitioner's Application to File Under Seal

Before the Court is the Application to File Under Seal ("Application") that was filed by Petitioner Darren Chaker, who is appearing pro se. Dkt. # 78 ("*App.*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. Having considered the moving papers, the Court **GRANTS IN PART** and **DENIES IN PART** the Application.

I.   Background

In November 2008, Petitioner commenced this case by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Pet.*, Dkt. # 1. Petitioner's petition for writ of habeas corpus was ultimately denied and the case was dismissed with prejudice in 2010. *Judgment*, Dkt. # 57. In 2012, the Ninth Circuit Court of Appeals denied Petitioner's request for a certificate of appealability. Dkt. # 73. That had been the last action in the case until recently.

On February 15, 2022, an order from the Ninth Circuit Appellate Commissioner, which granted Petitioner's motion to seal his appellate case records, was filed on the docket. Dkt. # 77. The order noted that Petitioner's name would be replaced with "John Doe" on the Ninth Circuit's public docket and in the case orders, Petitioner's mailing address would be removed from the Ninth Circuit's public docket, and the electronic docket entries on the Ninth Circuit's public docket (other than the orders in the case) would be sealed. *Id.* In March 2022, Petitioner filed the Application.

II.   Legal Standard

The party seeking to seal judicial records must demonstrate "compelling reasons" for doing so. *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010); *Kamakana*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV08-01300 AG(RCx) | Date | June 8, 2022 |
|---|---|---|---|
| Title | Darren D. Chaker v. Colleene Preciado | | |

*v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (holding that "[a] party seeking to seal a judicial record . . . bears the burden of . . . meeting the 'compelling reasons' standard").[1] This standard derives from the common law right "to inspect and copy public records and documents, including judicial records and documents." *Kamakana*, 447 F.3d at 1178 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).

To overcome the presumption created by this common law right of access, a party seeking to seal judicial records must show "'compelling reasons supported by specific factual findings' that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178–79 (internal citation omitted) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). In general, "compelling reasons" may be shown where "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, the "mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

III.  Discussion

Petitioner moves the Court to file the Application and the attached Ex Parte Motion to Seal Records ("Motion") under seal in their entirety. *See generally App.* Petitioner filed similar applications in other closed cases in this Court that were granted in part and denied in part. *See* CV03-06511 GHK(RZx), Dkt. # 16; CV04-00602 GHK(AJWx), Dkt. # 9; CV04-02727 GPS(RZx), Dkt. # 31; CV04-07050 FMC(FMOx), Dkt. # 21. For the same reasons, the Court grants in part and denies in part the Application. Petitioner has carried his burden in showing that there is a compelling reason to seal his home and email addresses, as well as confidential documents and sealed court records. Yet, Petitioner has not demonstrated a compelling reason to seal the other information contained in the Application and Motion, and, thus, filing the entire Application and Motion under seal is not warranted.

---

[1] A different standard covers the "narrow range of documents" such as "grand jury transcripts" and certain "warrant materials" that "traditionally [have] been kept secret for important policy reasons." *Kamakana*, 447 F.3d at 1178. This standard is not relevant here. In addition, a different standard is applicable to protect "private materials unearthed during discovery," permitting a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Pintos*, 605 F.3d at 678 (quoting Fed. R. Civ. P. 26(c)(1)). This standard is also not relevant here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV08-01300 AG(RCx) | Date | June 8, 2022 |
|---|---|---|---|
| Title | Darren D. Chaker v. Colleene Preciado | | |

    First, Petitioner's assertion that filing the entire Application and Motion under seal is required because, in his Motion, he references and attaches what he asserts are confidential documents and sealed court records is not persuasive. Petitioner's references to these documents and court records in his Motion are not so intertwined with his argument that filing a redacted version would not be feasible. Instead of filing the entire Motion under seal, a more reasonable approach that comports with the general history of access and the public policies favoring disclosure would be to file a redacted version that is available for public inspection, in addition to the unredacted version under seal. *See Del Nero v. NCO Fin. Sys., Inc.*, No. 2:06-CV-04823-JDW, 2021 WL 2375892, at *2 (E.D. Pa. June 10, 2021) (noting that "where possible, parties should propose redactions, rather than placing a whole document under seal"), *reconsideration denied*, 2021 WL 3615904 (E.D. Pa. Aug. 12, 2021).

    Second, Petitioner has demonstrated that sealing his home and email addresses is necessary as revealing that information may put Petitioner at risk of injury or harassment. Yet, Petitioner has failed to demonstrate that shielding his name or participation in a specific state program from public view is necessary to protect him from injury or further harassment. Thus, Petitioner has presented a compelling reason to seal his home and email addresses, but not the other information contained in his Application and Motion that he seeks to seal.

IV.    <u>Conclusion</u>

    Accordingly, Petitioner's Application is **GRANTED IN PART** and **DENIED IN PART**. The Court **GRANTS** Petitioner's Application as to Petitioner's home and email addresses, as well as the alleged confidential documents and sealed court records and references to those documents and records. The Court **DENIES** Petitioner's Application to the extent he seeks to file other portions of the Application and Motion under seal.

    In accordance with the instructions in this Order, Petitioner must submit redacted versions of the Application and Motion to be filed on the public docket. *See* L.R. 79-5.2.2(a). Instead of three days as provided in the Local Rules, *see id.*, Petitioner shall submit redacted versions of the Application and Motion within 30 days from the date of this Order. Petitioner's unredacted Application and Motion will remain on the docket under seal unless the Court orders otherwise. The Court will not consider the Motion unless Petitioner timely files a redacted version that comports with this Order. *See id.*

    **IT IS SO ORDERED.**